IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD T. POWELL,

        Petitioner,

    v.                          CASE NO. 12-3119-SAC

JAMES HEIMGARTNER, et al.,

        Respondents.

**MEMORANDUM AND ORDER**

This matter, a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, comes before the court upon respondents' motion to dismiss (Doc. 12). Counsel appointed for petitioner filed a response to the motion (Doc. 19).

*Factual background*

Petitioner was convicted on July 15, 1999, of capital murder, in violation of K.S.A. 21-3439, and criminal possession of a firearm, in violation of K.S.A. 21-404. On August 27, 1999, he was sentenced to a term of life imprisonment on the capital murder conviction and a consecutive term of 23 months on the firearm conviction.

The Kansas Supreme Court affirmed the conviction and sentence on October 25, 2002. *State v. Powell*, 56 P.3d 189 (Kan. 2002). Petitioner did not seek review in the United States Supreme Court, and the time expired on January 23, 2003.

Approximately eight months later, on September 18, 2003, petitioner filed an action for post-conviction relief in the District Court of Wyandotte County, Kansas, pursuant to K.S.A. 60-1507. Relief was denied on May 14, 2005. The Kansas Court of Appeals reversed that

dismissal and remanded the matter on March 30, 2007.

The state district court conducted an evidentiary hearing and denied relief on January 19, 2008. The Kansas Court of Appeals affirmed the denial on September 24, 2010, and the Kansas Supreme Court denied review on May 16, 2011.

The petition for habeas corpus was executed on April 30, 2012 (Doc. 1, p. 18), approximately eleven months later, and a declaration on the form shows it was placed in the prison mailing system on the same date. *Id.*

*Analysis*

A petition filed pursuant to § 2254 is subject to a one-year limitation period. 28 U.S.C. § 2244(d)(1). The period commences when the petitioner's direct appeal becomes final, that is, upon the expiration of the 90-day time for seeking review in the United States Supreme Court or the resolution of such a request for review. *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The limitation period is tolled during the pendency of a properly-filed state post-conviction action. 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998).

Petitioner's convictions became final, for habeas corpus purposes, on January 23, 2003, ninety days after the Kansas Supreme Court affirmed the convictions. The limitation period began to run and was tolled on September 18, 2003, when petitioner filled a state post-conviction action. At that point, 238 days had run on the one-year limitation period. The statute remained tolled until May 16, 2011, when the Kansas Supreme Court denied review. The statute again began to run, with 127 days remaining. Absent tolling, the limitation period had expired before petitioner commenced the present habeas corpus

action.

The one-year limitation period is subject to equitable tolling in appropriate circumstances. *See Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). Such tolling is limited to "rare and exceptional circumstances". *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Among the recognized circumstances that may qualify for equitable tolling in the Tenth Circuit is a petitioner's mental incapacity, including claims of mental impairment. *See Rawlins v. Newton-Embry*, 352 F. App'x 273, 276 (10th Cir.2009)("[E]quitable tolling because of mental illness is only warranted in circumstances such as adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing [his] own claim because of mental incapacity.")(internal quotations and citations omitted) and *Reupert v. Workman*, 45 Fed. Appx. 852, 854 (10th Cir. 2002)(equitable tolling may be appropriate where there is adequate proof of mental incompetence, including an adjudication of such incompetence).

In addition, the Tenth Circuit requires a showing that a party seeking equitable tolling has diligently pursued his claims. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

Counsel for petitioner points out that he has been adjudicated as mentally incompetent by the State of Kansas.[1] Counsel also contends that petitioner's inability to pursue his claims independently is evident, noting that he pursued post-conviction relief with the assistance of counsel but has been unable to pursue the present action in a timely manner absent such assistance. Indeed, the present

---

[1] Petitioner was determined to be 'mentally retarded' as defined by K.S.A. 21-4623(e) by the state district court following a series of evaluations. R. XIX pp. 4-5.

petition appears to have been prepared by another person, as the final page of the petition contains the following statement:

> If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. *Mr. Powell is mentally retarded.*[2]

Finally, it appears that petitioner has pursued his claims with diligence, as shown by the record of state court proceedings and his attempt to pursue this matter with the assistance of another person. Having considered the record and the arguments of the parties, the court concludes the petitioner is entitled to equitable tolling in this matter. Accordingly, the court will deny the respondents' motion to dismiss this matter and will direct respondents to address the merits of the petition.

IT IS, THEREFORE, BY THE COURT ORDERED respondents' motion to dismiss (Doc. 12) is denied.

IT IS FURTHER ORDERED respondents are granted to and including September 6, 2013, to address the merits of the petition.

IT IS FURTHER ORDERED the clerk of the court shall return the state court records to the respondents.

IT IS FURTHER ORDERED counsel for petitioner shall remain appointed to assist him unless the court grants permission to withdraw from this matter upon motion of counsel.

Copies of this order shall be transmitted to the parties.

---

[2] Doc. 1, p. 18.

**IT IS SO ORDERED.**

DATED: This 31st day of July, 2013, at Topeka, Kansas.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge